IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Brandon Pangle, | ) | |
| | ) | C.A. No. 6:08-619-HMH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| City of Simpsonville, Simpsonville Police Department and Chief Charles A. Reece, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Brandon Pangle's ("Plaintiff") motion to remand. For the reasons set forth below, the court grants the Plaintiff's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff originally filed suit in the Court of Common Pleas of Greenville County, South Carolina, alleging claims for violation of 42 U.S.C. § 1983, negligence, gross negligence, breach of fiduciary duty, intentional infliction of emotional distress, fraud--intentional misrepresentation, fraud--concealment, civil conspiracy pursuant to 42 U.S.C. § 1985, wrongful termination, and retaliatory discharge. (Compl., generally.) The Defendants removed this action to federal court on February 21, 2008, alleging that the complaint stated a federal question pursuant to §§ 1983 and 1985. The Plaintiff filed an amended complaint deleting the §§ 1983 and 1985 claims on March 6, 2008. (Am. Compl., generally.) The same day, the Plaintiff filed a motion to remand alleging that the requirements of subject matter jurisdiction have not been satisfied. The Defendants filed an answer to the amended complaint on March 7, 2008. The Defendants have not responded to the motion to remand.

## II. LEGAL DISCUSSION

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) (2006) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "A complaint must state on its face the grounds for a federal court's jurisdiction, irrespective of whether it is a case of diversity jurisdiction, federal question jurisdiction or both." Martin Sales & Processing, Inc. v. W. Va. Dep't of Energy, 815 F. Supp. 940, 944 (S.D. W. Va. 1993). "It is well established that 'the plaintiff is the master of his complaint.'" Chavis v. Fid. Warranty Servs., Inc., 415 F. Supp. 2d 620, 627 (D.S.C. 2006) (quoting Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)). Further, "[a]s the part[ies] seeking removal . . . , [the Defendants have] the burden of establishing federal subject matter jurisdiction." In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).

Upon the filing of the complaint in this case, the Defendants were entitled to remove the instant case pursuant to 28 U.S.C. § 1441(a), as a civil action "arising under the Constitution, laws, or treaties of the United States" because the complaint stated causes of action under §§ 1983 and 1985. 28 U.S.C. § 1331 (2006). However, the Plaintiff removed the §§ 1983 and 1985 claims from his amended complaint. In addition, the Defendants have failed to satisfy their burden of establishing federal subject matter jurisdiction. Based on the foregoing, the Plaintiff's amended complaint does not state any action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

It is therefore

**ORDERED** that the Plaintiff's motion to remand, docket number 10, is granted.  The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Greenville County, South Carolina.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
March 25, 2008